# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

October 27, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: B.A.**

**No. 14-0460** (Raleigh County 13-JA-128)

## MEMORANDUM DECISION

Petitioner Father, by counsel Amber R. Easter, appeals the April 24, 2014, order of the Circuit Court of Raleigh County that terminated his parental rights to one-year-old B.A. The child's guardian ad litem, Adam D. Taylor, filed a response that supported the circuit court's denial of an improvement period. However, the guardian ad litem concurred with petitioner that he was entitled to notice of the dispositional hearing. The Department of Health and Human Resources ("DHHR"), by its counsel S.L. Evans, filed a response in which it agreed with the guardian ad litem on both issues. On appeal, petitioner argues that the circuit court erred in (1) denying his motion for a post-adjudicatory improvement period and (2) failing to give notice or to provide a case plan for the dispositional hearing.

As more fully explained herein, the Court is of the opinion that the circuit court erred in holding a combined adjudicatory and dispositional hearing without noticing petitioner of such. Because the circuit court did not comply with the requirements of Rule 32(b) of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings, which requires notice of a dispositional hearing, the decision of the Court is set forth in a memorandum decision rather than an opinion. As noted below, this Court has held that when these rules "[have] been substantially disregarded or frustrated," any resulting order "will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001)). Accordingly, this case satisfies the "limited circumstance" requirement of Rule 21(d) and it is appropriate for the Court to issue a memorandum decision rather than an opinion in this case.

In May of 2013, the DHHR filed an abuse and neglect petition against B.A.'s parents that alleged that petitioner physically abused B.A. on multiple occasions. The petitioner claimed that the child's injuries were caused by falls over the bathtub and from a couch. However, when the child was medically examined, his injuries were found to be inconsistent with petitioner's explanations. Petitioner waived his rights to a preliminary hearing and in a separate, criminal proceeding, petitioner pled guilty to child abuse resulting in serious bodily injury. Petitioner was thereafter sentenced to the Anthony Center as a youthful offender for six months to two years.

The circuit court held petitioner's adjudicatory hearing in April of 2014. At this hearing, petitioner submitted a written stipulation of his physical abuse of B.A., his criminal plea to child abuse resulting in serious bodily injury, and his present sentence at the Anthony Center. The circuit court adjudicated petitioner as an abusing parent and denied petitioner's motion for a six-month post-adjudicatory improvement period. Immediately thereafter, the circuit court

1

proceeded to terminate petitioner's parental rights without the agreement of all the parties, and without a filed family case plan from the DHHR. Petitioner objected to the circuit court's rulings on his improvement period and the termination of his parental rights. Shortly thereafter, the circuit court entered an "Order With Respect to Improvement Period Review Hearing on [the Child's Mother] and Adjudicatory Hearing on [Petitioner]," in which it terminated petitioner's parental rights to B.A. From that order, petitioner now appeals.

We bear in mind the following:

> "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

Upon our review, the Court finds error in the circuit court holding a combined adjudicatory and dispositional hearing. Pursuant to Rule 31 of the Rules of Procedure for Child Abuse and Neglect Proceedings, notice of the dispositional hearing shall be given to all parties. However, pursuant to Rule 32(b), the circuit court may proceed to an accelerated dispositional hearing immediately following the adjudicatory hearing if the following requirements are met: (1) all the parties agree, (2) a completed child's case plan was provided to the circuit court or the parties waived this requirement, and (3) notice of the dispositional hearing was provided to the parties or the parties waived this requirement. Furthermore, under West Virginia Code § 49-6-5(a), the DHHR was required to file a family case plan at least five days prior to the dispositional hearing that outlines any necessary services for the subject child and a plan for permanency.

Our review of the record does not indicate that there was an agreement by all parties for an accelerated dispositional hearing. Nor does the record indicate (1) that any notice of a dispositional hearing was given, much less a notice of an accelerated dispositional hearing; (2) that the DHHR filed a case plan pursuant to West Virginia Code § 49-6-5(a).; or (3) that notice of the dispositional hearing and a case plan were waived. Accordingly, the requirements under Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings were not satisfied. Therefore, the circuit court improperly proceeded to disposition immediately following adjudication.

For the foregoing reasons, the Court vacates the circuit court's April 24, 2014, "Order With Respect to Improvement Period Review Hearing on [L.D.] and Adjudicatory Hearing on [A.A.]," insomuch as it terminated petitioner's parental rights, and remands the matter for forthwith further proceedings in compliance with Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-5(a). Because we vacate the order that terminated petitioner's parental rights, we decline at this time to

address petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period.

The Clerk is directed to issue the mandate forthwith.

Reversed and Remanded.

**ISSUED:** October 27, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum

**DISSENTING AND WRITING SEPARATELY:**

Justice Margaret L. Workman
Justice Allen H. Loughry II

In Re: B.A.

No. 14-0460

Justice Workman, with whom Justice Loughry joins, dissenting:

I must dissent from the majority opinion remanding this case for another dispositional hearing. A review of the record does not compel this meaningless result. During the adjudicative phase, the medical evidence demonstrated the critical nature of this seven-week-old baby's injuries. B.A. suffered repeated, serious, and non-accidental injuries while in petitioner's care; he was placed in pediatric ICU on mechanical ventilation. When this child abuse and neglect petition was filed, B.A. was still not able to breathe on his own. Petitioner pleaded guilty to felony child abuse and is currently incarcerated. Petitioner also stipulated to the charges in this abuse and neglect petition. Therefore, the record clearly supports the circuit court's adjudication.

Petitioner's counsel made a motion for an improvement period which the guardian ad litem strenuously opposed. The circuit court denied the motion for an improvement period and stated:

> there were multiple events and, as I read the petition, the events consisted of different kinds of abuse. There was shaking, there was slapping, there was something about an injury or an event associated with a tub, numerous things of that nature repeated, failures and repeated attacks upon the child, coupled with a resistance to give the information necessary to the mother and to others to have the condition recognized and treated.

> These were criminal acts and found to be so upon the guilty plea and, as abusive acts, they are of such a severe nature that it doesn't appear, from my point of view, that training and education would have much impact.

> . . . .

> If a 19-year-old man doesn't know any better than to beat and slap and shake a defenseless baby because of his own

4

shortcomings, then what's the point in telling him that he shouldn't by having anger management training and all that sort of thing.

. . . .

If I could make it so, I would make it so that this man never comes near another child again the rest of his life, much less have the potential for being in the company of one entrusted to his care ever again, and so, because of the severity of the acts admitted to, there is not any purpose to an improvement period[.]

The dispositional phase followed and the circuit court terminated petitioner's parental rights to B.A. Without question this was the appropriate disposition because there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. Syl. Pt. 1, *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993).

The majority focuses on the lack of compliance with the requirements of Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect when the circuit court moved toward disposition immediately following adjudication. Nevertheless, petitioner's objection was simply for the circuit court "to note my exceptions and objections for the record regarding any improvement period and the disposition today." Petitioner did not argue below that he was prejudiced by the circuit court's decision to move forward to disposition.[1] In this case, the evidence relevant as to adjudication and the denial of an improvement period is the same evidence that is relevant to disposition.[2] The only effect a remand will have is that the circuit court will be required to hear the same evidence twice.

In cases (such as this) where the trial court has found that reunification efforts would be dangerous or futile . . . the juvenile code presents no obstacle to simultaneous hearings on an abuse, neglect and dependency petition and a termination of parental rights petition. Indeed, judicial economy and efficiency may be best served by a consolidated hearing in cases where the evidence necessary to support a finding that a juvenile is abused or neglected may be nearly

[1] Petitioner was present at the adjudicatory/dispositional hearing but did not testify.

[2] In *In re I.P.*, 2012 WL 4069521 *4 (W.Va. memorandum decision), this Court found no reversible error in circuit court's movement from adjudication to disposition in one hearing when first requirement of Rule 32(b) not met: "(1) all the parties agree." Notice in that case was provided to counsel when Petitioner Father was unable to be located for service. We emphasized that the "[e]vidence presented at the adjudicatory hearing did not demonstrate that Petitioner Father would have benefitted from further improvement period or, more importantly, that it would have been in I.P.'s best interests to prolong this case further." *Id.*

identical to the evidence necessary to support a finding that grounds for termination exist.

*In re R.B.B.*, 654 S.E.2d 514, 518-19 (N.C. 2007) (citations omitted).

There is no doubt that termination of petitioner's parental rights was in the best interest of this child due to the immediate threat of harm coupled with the lack of any meaningful evidence that the conditions of abuse or neglect can be improved. Knowing that the facts support termination of his parental rights, petitioner raises this procedural irregularity for the first time on appeal. Unfortunately, the majority falls for this maneuver. This Court should address the case on its merits, affirm the order of the circuit court, and help this child move forward into permanent placement.

This case highlights the need for the circuit court to have the authority to schedule the disposition hearing immediately following the adjudication hearing in certain circumstances. This Court should consider amending Rule 32 to provide for a consolidated hearing when necessary for the best interests of the child, while still providing due process to the parties.

Respectfully, I dissent, and I am authorized to say that Justice Loughry joins in this dissent.